Summers, J.
The contention here on the part of the defendants in error is substantially the same as the contention of the defendants in error in the preceding case, Scott et al. v. McCullough et al. That is, that section 3928 (97 O. L., 345) in express terms provides that a special school district may be formed of any contiguous territory which has a total tax valuation of not less than one hundred thousand dollars and is not included within the limits of an incorporated city or village, and that, as the act in terms exempts territory included within the limits of an incorporated city or village, any constructive, exemption is precluded. But we are of opinion, for the reasons stated in the opinion in that case, that the words “contiguous territory” are to be limited to such territory as the legislature manifestly had in contemplation when the section was enacted, and that *549 is, to territory that had not been pre-empted by being taken to form some other district, bnt snch as remained a township district or a part thereof. Many illustrations of such construction might be given. Two presently occur. Literally construed, the statutes providing for the organization of villages and hamlets would authorize their creation out of territory already forming a part of a village or hamlet. That would be absurd and manifestly was not intended. Again, prior to the adoption of the new ■municipal code, the statutes provided that in cities of the second class the council should organize at its first regular meeting after the second Monday in April in each year, by electing a president, a clerk, and other officers. The term of the clerk was for two years, so that, manifestly, it was not the intention that a clerk should be elected each year. Other illustrations no doubt might be readily found. Take section 3927-2, Eevised Statutes, passed and approved April 25, 1904 (97 O. L., 344). It provides : “A township board of education may submit the question of centralization and upon the petition of not less than one-fourth of the qualified electors of such township district, must submit such question to a vote of the qualified electors of such township district, and if more votes are cast in favor of centralization than against it, at such election, it shall then become the duty of the board of education, and such board of education is required to proceed at once to the centralization of (the) schools of the township.” Interpreted literally, centralization would include all the schools in the township, city, village, and special district, as well as township schools, which manifestly was not the intention of the legislature.
*550 This section further provides: “When the schools of a township have been centralized, such centralization shall not be discontinued within three years thereafter, and then only by petition and election as required herein, and if at such election more votes are cast against centralization than for it, the division into subdistricts as they existed prior to centralization, shall be thereby re-established at the next regular election, and subdistrict directors shall be elected as provided in section 3921a of this act. ’ ’ This shows plainly that the legislature contemplated' only the centralization of subdistricts, and the provision that when the schools of a township have been centralized such centralization shall not be discontinued within three years thereafter, would seem to indicate clearly that the legislature did not contemplate that decentralization might be effected by the taking of the whole or a part of the territory of the township for the establishment of a special school district. Such being the intent of the legislature, and proceedings having been commenced for the centralization of the schools of the township prior to the filing of the petition in the probate court for the establishment of the special school district, the territory of Washington township, pending those proceedings was not subject to be taken for a special school district, and the probate judge was without jurisdiction to include in the special school district any part of the territory of Washington township.
Judgment of the circuit court is reversed and the judgment of the court of common pleas is affirmed.

Reversed.

Davis, C. J., Shauck, Price and Spear, JJ., concur.